Lin v. Garland

BIA
Hom, IJ
A208 617 575

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of August, two thousand twenty-three.

PRESENT:
>       GERARD E. LYNCH,
>       RAYMOND J. LOHIER, JR.,
>       EUNICE C. LEE,
>               *Circuit Judges.*

_____

GUO LIN,
>       *Petitioner,*

>       v.                                                      **21-6296**
>                                                               **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:                 Khagendra Gharti-Chhetry, New York, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Scott M. Marconda, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guo Lin, a native and citizen of the People's Republic of China, seeks review of an April 21, 2021 decision of the BIA affirming a December 7, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Lin*, No. A208 617 575 (B.I.A. Apr. 21, 2021), *aff'g* No. A208 617 575 (Immigr. Ct. N.Y.C. Dec. 7, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and BIA's decisions. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law *de novo*. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the

contrary." 8 U.S.C. § 1252(b)(4)(B).

To establish eligibility for asylum and withholding of removal, an applicant must establish past persecution or a well-founded fear or likelihood of future persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). "In order to establish persecution on account of political opinion . . . , an asylum applicant must show . . . , through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (quotation marks and citations omitted). The agency did not err in concluding that Lin failed to establish that the harm he suffered and fears was on account of his political opinion or any other protected ground.

Although forced sterilization or "other resistance to a coercive population control program" constitutes persecution "on account of political opinion," 8 U.S.C. § 1101(a)(42), Lin was not eligible for asylum and withholding of removal based on his father's forced sterilization under the family planning policy. Moreover, Lin did not allege that he engaged in "other resistance" to the family planning policy or that he suffered harm as a result of such resistance. *Shi Liang*

3

*Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309–10, 313 (2d Cir. 2007) ("[T]o qualify for refugee status . . . an individual must turn to the two remaining categories of § 601(a), which provide protection to petitioners who demonstrate other resistance to a coercive population control program or a well founded fear that he or she will be subject to persecution for such resistance" (internal quotation marks omitted and alterations adopted)). Instead, Lin claimed that fellow school children bullied and beat him because they did not like him and wanted money, and thus took advantage of the fact that his father had fled China because of the family planning policy. This alleged causal connection is too tenuous to establish a nexus between the harm Lin suffered as a child and China's family planning policy. *See* 8 U.S.C. § 1101(a)(42).

As to Lin's allegation that a business competitor attacked him and hired others to destroy his business and threaten him, Lin failed to identify a specific protected ground for which he was targeted. Nor did his testimony reveal one. Instead, Lin admitted that his competitor targeted him solely because he underbid the competitor for a lucrative contract. That financially-motivated personal attack did not establish that Lin was or would be targeted on account of "race, religion, nationality, membership in a particular social group, or political

4

opinion." 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). Because Lin did not allege or establish that he was or would be harmed on account of a protected ground, the agency did not err in denying asylum and withholding of removal. *See id.*

Unlike asylum and withholding, CAT does not require a nexus to a protected ground. *See* 8 C.F.R. §§ 1208.16(c), 1208.17. To obtain CAT relief, an applicant must show both that it is "more likely than not" that he will be tortured, and that a government actor will inflict, instigate, or acquiesce in that torture. *Id.*; *see also Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022). "Acquiescence is satisfied where the government actor knows of or remains willfully blind to an act and thereafter breaches their legal responsibility to prevent it." *Garcia-Aranda*, 53 F.4th at 759 (internal quotation marks omitted and alterations adopted).

The agency did not err in concluding that Lin failed to demonstrate that a government official had or was likely to acquiesce in his torture. Although police told Lin's sister that Lin should report the attacks he suffered himself, Lin did not do so. And, in response to the attacks, police later looked for Lin, but he was not at home and did not speak to them. Lin speculated that police took no action because his attacker was wealthy and well-connected, but he did not provide any specific basis for that belief and failed to take advantage of the avenues of redress

5

that police offered.  On this record, the agency was not compelled to find that government officials would likely acquiesce in Lin's torture by his business competitor and thus did not err in concluding that Lin failed to satisfy his burden of proof for CAT relief.  *See id.*; *see also Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593 (2d Cir. 2021) (recognizing that failure to request assistance from police, although alone insufficient, may be taken into account when evaluating acquiescence);  *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe,<br>
Clerk of Court